UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

NANCY ANDREUS
and other similarly-situated individuals,

    Plaintiff(s),

v.

GLOBAL RESORTS GROUP, CORP.
d/b/a/ EL PARAISO MOTEL

    Defendant,

_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff NANCY ANDREUS, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendant GLOBAL RESORTS GROUP, CORP. d/b/a EL PARAISO MOTEL and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid regular and overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff NANCY ANDREUS is a resident of Miami-Dade County, within the jurisdiction of this Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant GLOBAL RESORTS GROUP, CORP. d/b/a EL PARAISO MOTEL (hereinafter EL PARAISO MOTEL, or Defendant) is a Florida corporation, having a place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendant. at all times material hereto, Defendant was engaged in interstate commerce.

4. All the actions raised in this complaint took place in Dade County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

5. This cause of action is brought by Plaintiff NANCY ANDREUS to recover from Defendant regular hours, overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

6. Defendant GLOBAL RESORTS GROUP, CORP. is a Florida business that provides motel/hospitality services. Defendant operates under the name of EL PARAISO MOTEL located at 1615 W. Okeechobee Road, Hialeah, Florida 33010, where Plaintiff worked.

7. Defendant EL PARAISO MOTEL employed Plaintiff NANCY ANDREUS as a non-exempt, hourly, full-time housekeeper from approximately January 01, 2018 to August 9, 2019, or 83 weeks.

8. Plaintiff was paid $9.00 an hour, and her overtime rate should be $13.50 an hour.

9. During her time of employment with Defendant, Plaintiff and other similarly situated individuals maintained an irregular schedule. Plaintiff had 2 days off, but she worked 5 days per week. Plaintiff's schedule changed constantly, and she worked day and overnight shifts.

10. Supervisor Dulce Perez provided Plaintiff and other similarly situated individuals' schedules showing a fictitious time to clock out. Plaintiff and other similarly situated employees were required to stay working more hours.

11. Most of the time the Plaintiff worked the shift from 9:00 PM to 9:00 AM, (12 hours) regardless the shift worked and the scheduled working hours, Plaintiff always worked an average of 12 hours daily. Every week, Plaintiff completed a minimum of 60 hours weekly. Plaintiff was unable to take bonafide lunch breaks.

12. Plaintiff worked in excess of 40 hours weekly, nevertheless in many weeks she was paid for less than 40 hours. In addition, Plaintiff was not paid for overtime hours.

13. Plaintiff and other similarly situated individuals were not allowed to clock in and out, and their timecards were punched in and out by Supervisor Dulce Perez or any other front desk employee. Plaintiff never had access to see the total number of hours worked in a week period.

14. Therefore, Defendant willfully failed to pay Plaintiff for overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

15. Plaintiff was paid bi-weekly by direct deposits. Plaintiff was provided with paystubs that did not show the real number of hours worked.

16. On or about August 9, 2019, Defendant unfairly fired Plaintiff using a pretextual reason.

17. Plaintiff is not in possession of time and payment records, but she will provide a good faith estimated based on the real number of overtime hours worked.

18. Plaintiff NANCY ANDREUS seeks to recover regular wages and overtime wages at the rate of time and a half her regular rate, for every hour in excess of 40 that she worked, liquidated damages, and any other relief as allowable by law.

19. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendant who are and who were subject to the unlawful payroll

practices and procedures of Defendant and were not paid regular hours and overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME**

20. Plaintiff NANCY ANDREUS re-adopts every factual allegation as stated in paragraphs 1-19 above as if set out in full herein.

21. This cause of action is brought by Plaintiff NANCY ANDREUS as a collective action to recover from Defendant overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after January 2018, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

22. Defendant EL PARAISO MOTEL was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant provides lodging services to the general public and through its business activity, affects interstate commerce. The defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of

$500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

23. Plaintiff and those similarly situated employees were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly-situated worked as housekeepers, and through their daily activities, Plaintiffs not only regularly, handled, or otherwise worked on goods and/or materials that had been produced for commerce and moved in interstate commerce at any time in the business, but Plaintiff's activities were directed to the maintenance of the facilities providing services in interstate commerce. Therefore, there is FLSA individual coverage.

24. Defendant EL PARAISO MOTEL employed Plaintiff NANCY ANDREUS as a non-exempt, hourly, full-time housekeeper from approximately January 01, 2018 to August 9, 2019, or 83 weeks.

25. Plaintiff's wage rate was $9.00 an hour, and her overtime rate should be $13.50 an hour.

26. During her time of employment with Defendant, Plaintiff and other similarly situated individuals maintained an irregular schedule, but she worked 5 days per week an average of 60 hours per week. Plaintiff was unable to take bonafide lunch breaks.

27. Supervisor Dulce Perez provided Plaintiff and other similarly situated individuals' schedules showing a fictitious time to clock out. However, Plaintiff and other similarly situated employees were required to stay working more hours.

28. Every week Plaintiff worked in excess of 40 hours, nevertheless in many weeks she was paid for 40 hours or less. Plaintiff was not paid for overtime hours.

29. Plaintiff and other similarly situated individuals were not allowed to clock in and out, and their timecards were punched in and out by Supervisor Dulce Perez or any other front desk employee. Plaintiff never had access to see the number of hours worked in a week period.

30. Therefore, Defendant willfully failed to pay Plaintiff for overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

31. Plaintiff was paid bi-weekly with paystubs that did not show the real number of hours worked.

32. The records, if any, concerning the number of hours worked by the Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of the Defendant. However, upon information and belief, Defendant did not maintain time accurate records of hours worked by Plaintiff and other employees.

33. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

34. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

35. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

36. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid overtime wages is as follows:

* Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate. After proper discovery, Plaintiff will adjust her statement of claim properly.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

    Twenty-Two Thousand Four Hundred Ten Dollars and 00/100 ($22,410.00)

  b. <u>Calculation of such wages</u>:
   Total period of employment: 83 weeks
   Relevant weeks of employment: 83 weeks
   Total hours worked: 60 hours weekly average
   Total overtime hours: 20 overtime hours
   Regular rate: $9.00 x 1.5= $13.50 O/T rate
   O/T rate: $13.50 an hour

   O/T rate $13.50 x 20 hours=$270.00 weekly x 83 weeks=$22,410.00

   <u>Nature of wages (e.g. overtime or straight time)</u>:

   This amount represents unpaid overtime wages.

37. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

38. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

39. Defendant EL PARAISO MOTEL willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half her regular rate, as required by the law of the United States, and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

40. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff NANCY ANDREUS and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff NANCY ANDREUS and other similarly situated individuals and against the Defendant EL PARAISO MOTEL, based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff NANCY ANDREUS actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff NANCY ANDREUS demands trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION:
## FAILURE TO PAY MINIMUM WAGE

41. Plaintiff NANCY ANDREUS re-adopts every factual allegation as stated in paragraphs 1-19 of this complaint as if set out in full herein.

42. This action is brought by Plaintiff NANCY ANDREUS and those similarly-situated to recover from the Employer EL PARAISO MOTEL unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

43. Defendant EL PARAISO MOTEL was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant provides lodging services to the general public and through its business activity, affects interstate commerce. The defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

44. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly-situated worked as housekeepers, and through their daily activities, Plaintiffs not only regularly handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce, but Plaintiff's activities were directed to the maintenance of the facilities providing services in interstate commerce. Therefore, there is FLSA individual coverage.

45. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

46. 29 U.S.C. §206 (a) "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

    (1) except as otherwise provided in this section, not less than—

    (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

    (B) $6.55 an hour, beginning 12 months after that 60th day; and

    (C) $7.25 an hour, beginning 24 months after that 60th day

47. Defendant EL PARAISO MOTEL employed Plaintiff NANCY ANDREUS as a non-exempt, hourly, full-time housekeeper from approximately January 01, 2018 to August 9, 2019, or 83 weeks. Plaintiff's wage rate was $9.00 an hour.

48. During her time of employment with Defendant, Plaintiff worked an irregular schedule, 5 days per week, more than 40 hours per week.

49. Most of the time the Plaintiff worked the shift from 9:00 PM to 9:00 AM, (12 hours) regardless the shift worked and the scheduled working hours, Plaintiff always worked an average of 12 hours daily. Every week, Plaintiff completed a minimum of 60 hours weekly. Plaintiff was unable to take bonafide lunch breaks.

50. Supervisor Dulce Perez provided Plaintiff and other similarly situated individuals' schedules showing a fictitious time to clock out. Plaintiff and other similarly situated employees were required to stay working more hours.

51. Plaintiff was not allowed to clock in and out and her timecard was punched in and out by Supervisor Dulce Perez or any other front desk employee.

52. Every week Plaintiff worked in excess of 40 hours, nevertheless, in many weeks Defendant paid Plaintiff for less than 40 regular hours. There is a substantial number of hours that were not paid to Plaintiff at any rate, not even the minimum wage rate, as established by the Fair Labor Standards Act.

53. The defendant was able to track the number of hours worked by Plaintiff and other similarly situated individuals.

54. Therefore, Defendant willfully failed to pay Plaintiff minimum wages, in violation of the Fair Labor Standards Act of 1938 (29 U.S.C. §206 (a)).

55. The records, if any, concerning the number of hours worked by Plaintiff and all others similarly situated employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

56. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

57. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

58. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

59. Plaintiff is not in possession of time and payment records and without the benefit of discovery it is impossible for her to provide a good faith estimate about her unpaid regular hours.

60. Defendant EL PARAISO MOTEL knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these minimum wages since the commencement of Plaintiff and those similarly-situated employees' employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

61. Defendant EL PARAISO MOTEL willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remains owing Plaintiff these minimum wages since the commencement of the Plaintiff's employment with Defendant.

62. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff NANCY ANDREUS and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff NANCY ANDREUS and against the Defendant EL PARAISO MOTEL based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff NANCY ANDREUS and those similarly situated demand trial by a jury of all issues triable as of right by jury.

Dated: September 26, 2019

                                      Respectfully submitted,

                                      By: **/s/ Zandro E. Palma**
                                      ZANDRO E. PALMA, P.A.
                                      Florida Bar No.: 0024031
                                      9100 S. Dadeland Blvd.
                                      Suite 1500
                                      Miami, FL 33156
                                      Telephone: (305) 446-1500
                                      Facsimile:  (305) 446-1502
                                      zep@thepalmalawgroup.com
                                      *Attorney for Plaintiff*