**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 19-23993-Civ-SCOLA/TORRES

NANCY ANDREUS,

      Plaintiff,

v.

GLOBAL RESORTS GROUP, CORP.,
d/b/a EL PARASIO MOTEL,

      Defendant.
_____/

**REPORT AND RECOMMENDATION
ON PENDING MOTIONS FOR FRAUD ON THE COURT**

This matter is before the Court on Global Resorts Group, Corp.'s ("Defendant" or "Global Resorts") pending motions for Nancy Andreus's ("Plaintiff") fraud on the Court. [D.E. 38, 47]. Defendant seeks to set aside a mediated settlement agreement and to dismiss Plaintiff's claims with prejudice. Plaintiff failed to file a response in opposition and the time to do so has now passed.[1] Therefore, Defendant's motions are now ripe for disposition. After careful review of the motions, relevant authorities, and for the reasons discussed below, Defendant's motions should be **GRANTED in part** and **DENIED in part**.[2]

---

[1] On March 5, 2020, the Court granted Plaintiff's motion for an extension of time and gave her until April 6, 2020 to retain substitute counsel. [D.E. 50]. The Court cautioned Plaintiff that a failure to comply may result in the motions being granted by default.

[2] On March 4, 2020, the Honorable Robert N. Scola referred Defendant's motions to the undersigned Magistrate Judge for disposition. [D.E. 48].

1

## I. ANALYSIS

Plaintiff filed a two-count complaint on September 26, 2019 [D.E. 1], alleging that Defendant violated the Fair Labor Standards Act ("FLSA"). She claims that Defendant employed her as a full-time housekeeper from January 1, 2018 to August 9, 2019 at a rate of $9.00 an hour. Despite working an average of twelve hours per day, Plaintiff alleges that there were many weeks during her employment that Defendant paid her for less than forty hours. Plaintiff therefore filed this action to recover her unpaid compensation, liquidated damages, costs, and her reasonable attorney's fees.

On January 31, 2020, the parties participated in a Court-ordered mediation. Plaintiff produced three TD Bank statements in response to Defendant's pending discovery requests. These were produced – for the first time – at the mediation as a rebuttal to Defendant's payroll records and they showed that Defendant compensated Plaintiff in July and August 2018. The bank statements were consistent with Plaintiff's revised timeline of her employment history because they showed that she worked for Defendant from March 12, 2018 to September 22, 2018 whereas Defendant's records showed that Plaintiff only worked as a housekeeper until May 30, 2018.[3] When Plaintiff produced these bank statements, they suggested that Defendant's payroll records were inaccurate and Defendant was surprised because – to this point – Plaintiff had no documentary evidence to support

---

[3] Plaintiff's revised FLSA timeline alleges that she worked from March 12, 2018 to September 22, 2018 and then returned to work for Defendant from February 2, 2019 through August 9, 2019.

2

her FLSA claims other than the allegations in her complaint. In light of this new evidence, Defendant agreed to settle the case.[4]

Shortly after the mediation, Defendant's corporate representative obtained information that revealed several irregularities with Plaintiff's bank statements. First, the dates included on the bank statements – namely May 3rd, July 12th, and August 9th – showed that Defendant paid Plaintiff on a Friday. Defendant reasons that the bank statements must be a forgery because, if the statements accurately reflected pay periods in 2018, the payments would have been on a Thursday. Defendant claims that it only transitioned to paying employees on a Friday in 2019. Second, Defendant argues that the transfer codes next to each direct deposit is a code reserved for payments used in 2019. If the bank statements were accurate, a different code would have appeared because Defendant used Quick Pay in 2018. And Quick Pay generates an entirely different code than Defendant's new payroll practices that were implemented in 2019. Third, Defendant contends that the itemized transactions are evidence of fraud because each has an authorization date that shows that the payments on Plaintiff's bank statement were made in 2019. An August 7th transaction shows, for example, a payment that Plaintiff made to her daughter and it includes an authorization code of 080719 – meaning that this payment was made on August 7, 2019. The same is true for the other transactions on Plaintiff's bank statements where each transaction has an authorization code for 2019.

---

[4] Although the parties reached a tentative settlement at mediation, no judgment was entered prior to Defendant seeking relief for Plaintiff's fraud.

Defendant alleges that, to perpetuate the fraud, Plaintiff must have cut the headings of her 2018 bank statements and then pasted them on her transactions for 2019. This made the bank statements appear to show transactions in 2018 when, in fact, the lower half of the documents included transactions for 2019. To further support its theory that Plaintiff committed a fraud, Defendant served TD Bank with a subpoena and obtained the actual bank statements for Plaintiff's account in 2018 and 2019. Defendant argues that these statements confirm – in addition to all the other evidence – that Plaintiff committed a fraud to induce a settlement. Accordingly, Defendant requests that the Court set aside the mediated settlement agreement, dismiss Plaintiff's claims with prejudice, assess any appropriate monetary sanctions, and refer Plaintiff to the State Attorney's office for criminal prosecution.

Rule 60(b)(3) provides relief from a final judgment, order, or proceeding for fraud, a misrepresentation, or misconduct by an opposing party. *See* Fed. R. Civ. P. 60(b)(3). To establish a fraud on the court, a movant must establish by clear and convincing evidence that:

> [A] party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense.

*Vargas v. Peltz*, 901 F. Supp 1572, 1579 (S.D. Fla. 1995). "Conclusory averments of the existence of fraud made on information and belief and unaccompanied by a statement of clear and convincing probative facts which support such belief do not serve to raise the issue of the existence of fraud." *Booker v. Dugger,* 825 F.2d 281,

283–84 (11th Cir. 1987) (citations, internal quotations marks, and alterations omitted).

While a finding of fraud on the court is necessarily fact-intensive, and district courts are afforded considerable discretion in these matters, such a finding should be reserved for "only the most egregious misconduct, such as bribery of a judge or members of the jury, or the fabrication of evidence by a party." *Patterson v. Lew*, 265 F. App'x 767, 768 (11th Cir. 2008) (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978)). Dismissal of a case with prejudice under Fed. R. Civ. P. 41(b) is an extreme sanction, applicable only as a "last resort," and requires a finding that lesser sanctions will not suffice. *See Goforth*, 766 F.2d at 1535 (citations omitted). Fraud on the court therefore constitutes "only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases." *Travelers Indem. Co.,* 761 F.2d at 1551. Therefore, a "[f]raud on the court is . . . limited to the more egregious forms of subversion of the legal process, . . . those we cannot necessarily expect to be exposed by the normal adversary process." *Id.* at 1552 (citation omitted); *see also Kerwit Med. Prods., Inc. v. N. & H. Instruments, Inc.,* 616 F.2d 833, 836-37 (5th Cir. 1980) ("Only a small number of those acts that can be considered fraud amount to 'fraud upon the court' as that phrase is used in Rule 60(b).").

Here, Defendant's arguments are well taken because there is ample evidence that Plaintiff attempted to deceive both the parties and the Court with fabricated

bank statements intended to induce a settlement and a judgment in her favor. The transfer codes and the authorization dates on the bank statements show that Plaintiff altered her 2018 bank statements so that her allegations would be consistent with the documents she produced. Defendant's payroll practice of compensating employees on Thursdays in 2018 then adds additional credibility to Defendant's theory that Plaintiff acted with intent to alter her own bank statements. The most compelling evidence, however, are the bank statements that TD Bank produced in response to Defendant's subpoena. When these statements are juxtaposed with the statements that Plaintiff produced, it removes all doubt that Plaintiff cut and pasted her 2018 statements on her transactions for 2019. This created the deception that Plaintiff produced documents supporting her FLSA claims and that Defendant should settle this case because Defendant's payroll records must be inaccurate.

This case rises to the level of fraud on the court because it presents egregious misconduct where a party fabricates evidence purporting to substantiate her claims. An example of a similar case where a plaintiff acted with this level of intent is *Vargas*. There, the plaintiff produced a pair of panties as evidence of sexual harassment, claiming that while she worked for the defendant he had given her the panties and asked her to pose in them. *See Vargas*, 901 F. Supp. at 1574. The defendant submitted affidavits from the manufacturer of the panties that conclusively showed that the panties were not actually manufactured or sold until well after the plaintiff had stopped working for the defendant. *See id.*at 1574-75.

The court found that "[p]laintiff's intentional misconduct in presenting false evidence in support of her claims" constituted a fraud on the court, compelling dismissal of the case. *See id.* at 1579.

Another case that showcases the seriousness of the conduct in this case is *McDowell v. Seaboard Farms of Athens, Inc.*, 1996 WL 684140, at *8 (M.D. Fla. Nov. 4, 1996). In that case, the court concluded that the plaintiff had fabricated a diary and submitted it as evidence to bolster his racial discrimination claim against his employer. *See id.* at *8. Citing *Vargas*, the court found that the plaintiff's submission of the fabricated diary constituted fraud on the court, noting that "when a party fabricates evidence purporting to substantiate its claims, federal case law is well established that dismissal is appropriate." *Id.* at *2. Thus, in both *Vargas* and *McDowell*, the courts determined that the use of fabricated evidence in support of a plaintiff's claims was the key distinguishing fact that caused the misconduct to rise to the level of fraud on the court.

The same reasoning applies in this case because Plaintiff's misconduct deliberately interfered with the Court's use of a mediator to resolve a case before trial and it hampered the Defendant in presenting evidence that Plaintiff had been adequately compensated. The unrebutted evidence also shows that the misconduct was intentional and that it was presented, for the first time, at mediation to induce a favorable settlement. This type of misconduct cannot stand as it undermines the veracity of Plaintiff's representations going forward and it disrupts the judicial process in resolving this case on the merits. Therefore, given the record presented,

7

the unrebutted evidence, and the intent behind Plaintiff's actions, the motion to set aside the mediated settlement agreement and to dismiss this action with prejudice should be **GRANTED**.

As for Defendant's request that we impose monetary sanctions and a referral to the State Attorney's office for criminal prosecution, courts possess inherent authority to control and regulate the proceedings before them, including the authority to sanction litigants for abusive practices. *See Vargas*, 901 F. Supp. at 1579; *see also Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002). Where a party acts in bad faith and continually and flagrantly abuses the judicial process, a court may use its inherent power to impose severe sanctions. *See Martin,* 307 F.3d at 1335-1336. Given that the Court has already recommended the dismissal of Plaintiff's claims with prejudice as a sanction, there is no need for additional monetary sanctions or a referral to the State Attorney's office for criminal prosecution. The dismissal with prejudice and the undoing of the mediated settlement agreement adequately penalizes Plaintiff for her actions and deters this type of misconduct in the future. For these reasons, Defendant's request that we impose additional monetary sanctions and refer Plaintiff to the State Attorney's office for criminal prosecution should be **DENIED**.

## II. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Defendant's motions be **GRANTED in part** and **DENIED in part**:

A. Defendant's motion to set aside the parties' settlement agreement and to dismiss this action with prejudice should be **GRANTED**.

B. Defendant's motion to impose monetary sanctions and to refer Plaintiff to the State Attorney's office for criminal prosecution should be **DENIED**.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 14th day of April, 2020.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge