United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Nancy Andreus, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 19-23993-Civ-Scola |
| | ) |
| Global Resorts Group, Corp, dba | ) |
| El Paraiso Motel, Defendant. | ) |

### Order Adopting Report and Recommendations
### Setting Aside Default and Dismissing Case

The Court referred Defendant Global Resort Group, Corp.'s amended motion to set aside the parties' settlement agreement (ECF No. 38) and motion for sanctions and dismissal (ECF No. 47) to United States Magistrate Judge Edwin G. Torres for reports and recommendations. Judge Torres issued a report and recommendations, recommending that the Court grant the motions to set aside the settlement agreement and to dismiss this case with prejudice but deny the motion to impose sanctions. (Rep. & Rec., ECF No. 54.) No objections to the report and recommendations have been filed by either party and the time to do so has passed.

Nonetheless, the Court has considered—de novo—Judge Torres's report, the record, and the relevant legal authorities. The Court finds Judge Torres's report and recommendation cogent and compelling. The Court thus **adopts** his recommendations in full (**ECF No. 54**), **granting** Global Resort's motion to set aside the parties' settlement agreement (**ECF No. 38**) and **granting in part and denying in part** Global Resort's motion for sanctions and for dismissal (**ECF No. 47**) as follows.

The Court agrees Plaintiff Nancy Andreus attempted to deceive both the parties and the court with fabricated bank statements intended to induce a settlement and judgment in her favor. The egregious behavior detailed in Judge Torres's report amply supports setting aside the mediated settlement agreement and dismissing this action with prejudice. The Court also concurs that a dismissal with prejudice, along with the undoing of the settlement agreement, adequately penalizes Andreus for her actions and will likely deter any future misconduct. Accordingly, the Court agrees imposing monetary sanctions and referring Andreus to the State Attorney's office for prosecution are not necessary in this case.

The Court **sets aside** the parties' mediated settlement agreement, **dismisses** this case **with prejudice**, and directs the Clerk to **close** this case. Any pending motions are **denied as moot**.

**Done and ordered** at Miami, Florida, on June 17, 2020.

_____
Robert N. Scola, Jr.
United States District Judge